# Mathers's Appeal.

Demurrer to a bill for an accounting sustained on the facts for want of equity and because the plaintiff had an adequate remedy at law.

(Decided October 5, 1885.)

Appeal from a definitive decree of the Common Pleas of Juniata County, in equity, sustaining a demurrer to a bill for an accounting. Affirmed.

The nature of the bill and demurrer are best stated in the opinion of the court below:

---

NOTE.—Where the right to an accounting is dependent upon a determination of title, it must first be decided. Long's Appeal, 92 Pa. 171; North Pennsylvania Coal Co. v. Snowden, 42 Pa. 488, 82 Am. Dec. 530; Frisbee's Appeal, 88 Pa. 144. Though the question of extent of title may be determined in an accounting between tenants in common. Wilhelm's Appeal, 79 Pa. 120.

Objections that an adequate remedy at law exists must be taken by demurrer. Adams v. Beach, 1 Phila. 99.

Opinion below. The bill charges, substantially, that the plaintiff and Stewart T. McCulloch, about the year 1866, erected on the land of the latter a large, frame, two-story building, called the "woolen factory," at their equal joint expense of $3,600; and plaintiff, by the consent and agreement of said McCulloch, became joint owner with him of said woolen factory; that on 1st July, 1869, said McCulloch, for the consideration of $600, conveyed to the defendants the real estate on which said woolen factory was erected, they knowing that the plaintiff owned one half of said building; and that the defendants took exclusive possession of said woolen factory, and continued to use and enjoy it by themselves and their lessees, and derived large sums of money therefrom, but they have never paid anything to plaintiff. It prays for account, and payment of the amount due to plaintiff.

The defendants filed a demurrer; that plaintiff's cause of complaint is against Stewart T. McCulloch alone; that there is no cause of complaint cognizable in a court of equity; no privity of contract between plaintiff and defendants; and that plaintiff had an adequate remedy at law.

We think the demurrer must be sustained. We are not informed of the terms of the agreement under which the woolen factory was erected. If the agreement was such that the building should be considered as personal property, then an appropriate action at law, possibly an action on the case, trover and conversion, or, waiving the tort, an action of assumpsit, would have furnished an adequate remedy. See White's Appeal, 10 Pa. 252; Hill v. Sewald, 53 Pa. 271, 91 Am. Dec. 209; Huff v. McCauley, 53 Pa. 206, 91 Am. Dec. 203; Coleman v. Lewis, 27 Pa. 291; Meigs's Appeal, 62 Pa. 28, 1 Am. Rep. 372.

Or the agreement may have been such that, by reason of the expenditure of his money, the plaintiff acquired an interest on the real estate; Mr. S. T. McCulloch became a trustee ex maleficio, and an ejectment would lie to recover the land and, upon notice of claim, mesne profits for the time plaintiff was excluded from the possession. See, particularly, Swartz v. Swartz, 4 Pa. 353, 45 Am. Dec. 697; Big Mountain Improv. Co's. Appeal, 54 Pa. 372; Campbell v. McCoy, 31 Pa. 263; and generally, Le Fevre v. Le Fevre, 4 Serg. & R. 241, 8 Am. Dec. 696; Rerick v. Kern, 14 Serg. & R. 267, 16 Am. Dec. 497; Shell v. Haywood, 16 Pa. 530.

But whatever the nature of the agreement under which the woolen factory was erected, we think plaintiff would have had an adequate remedy at law for his alleged injury; and that after exclusive possession was taken by the defendants by virtue of the deed of conveyance, there was no such relation existing between them and plaintiff as would have entitled him to compel them to account to him for rents received and profits made by the Tuscarora Manufacturing Company; and that, therefore, this bill must be dismissed for want of jurisdiction.

The bill having been dismissed the plaintiff appealed.

*Louis E. Atkinson* and *Ezra D. Parker* for appellant.

*W. S. Wilson* and *Alfred J. Patterson* for appellees.

PER CURIAM:

As indicated in the opinion of the learned judge, there is an apparent lack of completeness in the contract under which it is alleged the "woolen factory" was erected. The acquisition of no estate in the land is averred, nor is there any specification of the time the structure should remain, nor what disposition should ultimately be made of it. Nay, more, it is not averred that, prior to the conveyance by McCulloch, the building had been used and operated by the contracting parties or either of them; certainly it cannot be assumed that the appellees had knowledge of any fact not averred in the bill. The accounts would seem to be all on one side. If the appellant has any action against the purchasers, we think he has a full and adequate remedy by an action at law, and the bill was properly dismissed.

Decree affirmed and appeal dismissed at the costs of the appellant.